THOMAS, Chief Judge,
concurring in part and dissenting in part:
I agree with much of the majority’s disposition, but respectfully disagree in part.
I
I agree with the majority that the district court did not err in: (1) granting *647 Defendants’ motion for summary judgment as to Romero’s claim of deliberate indifference to Beltran’s medical needs; (2) entering summary judgment on Beltran’s children’s claims; and (3) denying Romero’s motion to reopen discovery.
II
As to the claims of deliberate indifference to Beltran’s safety and constitutional rights, it is undisputed that Beltran was murdered by a fellow inmate who had announced to prison officials his intention to Mil his cellmate, and who had a history of violence. Despite the warnings, Beltran was housed with the inmate, who then Mlled him. Those undisputed facts would seem sufficient to survive a summary judgment motion. But the problems in this case are that (1) Romero largely named the wrong defendants, and (2) the district court—incorrectly in my view-refused to consider evidence tendered by Romero when ruling on the summary judgment motion.
A
First, to the law. The Eighth Amendment serves to ensure that those of our citizens who are imprisoned shall not suffer “cruel and unusual punishments.” U.S. Const, amend. VUI. “Prison officials have a duty to protect prisoners from violence at the hands of other prisoners.” Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)) (internal quotations and alterations omitted). A prison official’s failure to protect an inmate in his custody from attack by another inmate is a violation of the Eighth Amendment if the resulting harm is “objectively, sufficiently serious,” and the prison official acted with “deliberate indifference.” Id. (quoting Farmer, 511 U.S. at 834, 114 S.Ct. 1970). “Deliberate indifference entails something more than mere negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.” Id. (quoting Farmer, 511 U.S. at 835, 114 S.Ct. 1970) (internal quotations and alterations omitted). Beltran died in custody; the parties do not dispute that this is sufficiently serious to trigger Eighth Amendment scrutiny. Prison officials also were aware of the risk of harm to Beltran.
The district court based its summary judgment conclusion in large part on its sua sponte decision not to consider certain evidence because the evidence was not authenticated by affidavit. However, a longstanding rule of authentication is that documents may be authenticated by having been produced in discovery. See e.g. Orr v. Bank of Am., 285 F.3d 764, 777 (9th Cir. 2002); Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir. 1996) (concluding that “[t]he district court did not err in considering the documents as indicators of MPI’s motivation ... [because] MPI produced the documents to GoodTimes, many of the documents were on MPI letterhead and MPI does not contest their authenticity”); see also 31 Fed. Prac. & Proc. Evid. § 7105 (1st ed.) (“Authentication can also be accomplished through judicial admissions such as stipulations, pleadings, and- production of items in response to subpoena or other discovery request.”). The records at issue in this case were produced by the Defendants in discovery. At no point in the litigation did the Defendants contest the authenticity of these records. Therefore, in my view, the district court erred, in deciding, sua sponte, not to consider these records.[1]
*648 The majority asserts that Romero waived any argument about the admissibility of her evidence by failing to argue that she would be able to admit this evidence at trial or that it was produced by Defendants in discovery and is therefore admissible. Such an interpretation of the Federal Rules of Civil Procedure is untenable. Under Rule 56(c)(1), the party opposing summary judgment may “assert[] that a fact ... is genuinely disputed [and] must support the assertion by: (a) citing to particular parts of materials in the record .... ” The party seeking summary judgment may then “object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.” Fed. R. Civ. P. Rule 56(c)(2). Thus, a party opposing summary judgment need not preemptively demonstrate that her evidence would be admissible at trial. Rather, she need only comply with the Rule’s requirements (including that the evidence be authentic or capable of being authenticated) in order to have her evidence considered by the district court.
With the benefit of consideration of the documents excluded by the district court, Romero had tendered sufficient evidence to show, in general, that prison officials had knowledge of the risk of harm to Beltran, and that there was a genuine issue of material fact as to whether the prison officials acted in deliberate indifference to that known risk. The evidence in the record that the district court chose not to consider includes evidence that Potter was an “Aryan Warrior,” that Beltran was convicted of sexual assault, that Potter previously violently assaulted fellow inmates and cell mates and thrice informed DOC caseworkers of his intention to assault or murder any cell mate with whom he was housed, that the caseworkers informed the warden of Potter’s threats, and that Potter in fact murdered Beltran while both men were in custody. There also was evidence in the record that Aryan Warriors are known generally to condone and perpetrate violent assaults on sexual offenders, and, in this instance, members of the Aryan Warriors were charged in a federal RICO indictment for conspiracy and the murder of Beltran. This evidence, if considered, would have been sufficient to raise a triable issue of fact as to the prison officers’ “deliberate indifference” to Beltran’s safety. See Farmer, 511 U.S. at 842, 114 S.Ct. 1970 (“[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.”). Thus, appropriately considered, the tendered evidence was sufficient for Romero to create a genuine issue of fact on the deliberate indifference claim.
B
The question, then, is whether Romero tendered sufficient evidence of a causal connection to the named Defendants to survive summary judgment. I agree with the majority and the district court that as to many of the named Defendants, the answer is “no.” Indeed, the actual housing decision appears to have been made by a prison official who was not named as a defendant in this case. There is no record evidence that Officers Howes, Stolk, Otero, and Landon were involved in the decision to house Beltran with Potter, nor that these Officers were deliberately indifferent *649 to any risk perceived at the time of the incident. There is also no evidence that the caseworkers to whom Potter conveyed the threats had anything to do with the housing decision or had any authority over housing. Nor is there any evidence of a causal connection between Director Wharton and the events alleged in the complaint. Thus, I agree with the district court and the majority that summary judgment was appropriately entered in favor of these Defendants.
However, I respectfully disagree that Romero has failed to raise a genuine issue of material fact as to the Warden’s liability. The Warden was informed of the risk and certainly had the ultimate authority to take action as to housing. Indeed, the housing policy at issue bears the Warden’s signature. Of course, whether Romero could prevail at trial on the claim is another question, but at the summary judgment stage all she need do is establish the existence of a genuine issue of material fact.
It is also worth noting that the district court concluded that a question of fact remains with regard to Romero’s state law wrongful death claim. “With respect to the duty of prison officials to protect inmates from attacks by other inmates, [... the Nevada Supreme Court] defines the duty as one of reasonable care to prevent intentional harm or to avoid an unreasonable risk of harm, when such harm is foreseeable.” Butler ex rel. Biller v. Bayer, 123 Nev. 450, 168 P.3d 1055, 1059 (2007). The Defendants argued they owed no duty to Beltran because Potter’s attack was unforeseeable.' But the district court denied the Defendants’ motion for summary judgment on this issue, noting that “a question of fact exists as to whether Moving Defendants Avere ‘on notice’ that Potter’s gang affiliation, Beltran’s OAvn gang-related classification, and Beltran’s sexual assault conviction, and Potter s history of violence against other inmates—four facts that Moving Defendants do not contest—made it foreseeable that celling these inmates together put Beltran in unreasonable risk of harm.” The district court then relinquished supplemental jurisdiction and remanded the wrongful death claim to Nevada state court. Although the standards for an Eighth Amendment violation and a state law wrongful death claim are different—deliberate indifference versus duty to avoid an unreasonable risk of harm—the facts offered to support both claims were the same.
Therefore, in sum,-1 agree with the majority as to almost all issues. However, I respectfully disagree that Romero did not establish a genuine issue of material fact as to her claim against the Warden.
Therefore, I concur in part and respectfully dissent in part.

. Although I believe the district court should have considered the records, I commend the *648 district court for a thorough examination of the record, claims, and defenses. The district court was faced with a messy record in a difficult case that had been litigated for over five years.